IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAISHA SHAW, on behalf of herself and others similarly situated, | : | CIVIL ACTION |
| Plaintiff, | : | NO. _____ |
| v. | : | |
| | : | CLASS/COLLECTIVE ACTION |
| TABOR COMMUNITY PARTNERS, | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Taisha Shaw ("Plaintiff") brings this lawsuit against Tabor Community Partners ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1.    Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.    Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.    Plaintiff resides in New Jersey.

5.    Defendant is a corporate entity headquartered at 57 East Armat Street, Philadelphia, PA 19144.

6.    Plaintiff is an employee covered by the FLSA and PMWA.

7.    Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8.    Defendant, operating through a contract with the City of Philadelphia and overseen by the City's Department of Human Services, provides various child welfare services to the City's families and youths.

9.    Defendant directly employs individuals who are paid a salary and hold the job title of Case Manager.

10.    Defendant directly employs Plaintiff as a Case Manager and last paid her a gross weekly salary of approximately $44,990.

11.    The Case Manager position carries no managerial or supervisory responsibilities and does not require any involvement in or knowledge of Defendant's general business operations.

12.    The Case Manager position does not require a Master's Degree.

13.    Plaintiff does not have a Master's Degree.

14.    The Case Manager position does not require specialized academic training. For example, according to the job description on Defendant's website, Case Managers may have Bachelor's Degrees in a non-exclusive list of fields that includes "sociology, psychology, counseling, criminal justice, education, divinity, or public health administration."

15.    Plaintiff holds a Bachelor's Degree in Social Work from Temple University.

16.    Case Managers regularly work over 40 hours per week. For example, Plaintiff estimates that she worked an average of 45-55 hours per week during a typical week.

17.    Plaintiff and other Case Managers – unlike the Case Managers employed and paid

directly by the City of Philadelphia – do not receive any overtime premium compensation for hours worked over 40 per week.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

18.    Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all Case Managers employed by Defendant during any week within the past three years.

19.    Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20.    Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

21.    The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

22.    Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

23.    Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

24.    Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The

legality of these policies will be determined through the application of generally applicable legal principles to common facts.

25.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

26.     All previous paragraphs are incorporated as though fully set forth herein.

27.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

28.     Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

29.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

30.     All previous paragraphs are incorporated as though fully set forth herein.

31.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

32.     Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime premium compensation for all hours worked over 40 per week.

4

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.    Unpaid overtime wages and prejudgment interest;

B.    Liquidated damages to the fullest extent permitted under the FLSA;

C.    Litigation costs, expenses, and attorneys' fees; and

D.    Such other and further relief as the Court deems just and proper.

Date:  April 15, 2019

Respectfully,

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*