IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAISHA SHAW, *on behalf of herself and others similarly situated* | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-1620 |
| | : | |
| TABOR COMMUNITY PARTNERS | : | |

## ORDER

**AND NOW**, this  2nd  day of December, 2020, upon consideration of Plaintiff's Unopposed Motion for Approval of the Settlement ("Motion," ECF No. 37), the accompanying Collective Action Settlement Agreement (ECF No. 37-1), the accompanying Release of Claims forms (ECF No. 37-2), the Declaration of Peter Winebrake ("Winebrake Decl.," ECF No.37-3), the accompanying Memorandum of Law (ECF No. 37-4), and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**, and the settlement of this action, which includes a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, is **APPROVED** based on the following findings:[1]

---

[1] When an employee brings a private action under the FLSA and presents a proposed settlement for the Court's approval, the district court may enter a stipulated judgment if it determines that the settlement is "'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Redden v. King's Corner Pub, LLC*, No. 16-6152, 2017 WL 4883177, at *2 (E.D. Pa. Oct. 27, 2017).  In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable to the employee or employees involved"; and (3) "furthers . . . the implementation of the FLSA in the workplace." *Redden*, 2017 WL 4883177, at *2 (citation and internal quotation marks omitted).  In addition, courts reviewing an FLSA settlement must ensure that the attorneys' fees and expenses sought to be recovered by plaintiffs' counsel are reasonable.  *Id.*; *see also McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at *4 (E.D. Pa. June 4, 2014).

    a. Each of the requirements for approval of the settlement is satisfied with respect to the payments totaling $93,750 to the 22 individuals covered by the settlement.

    b. The attorneys' fee to Plaintiffs' counsel, Winebrake & Santillo, LLC, under the settlement is reasonable, providing a total payment of $33,750, which, after deducting $833 in expenses, results in attorneys' fees of $32,917.  This fee represents 24.38% of the total $135,000 settlement fund and is reasonable under the seven factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000).  In addition, the fee is substantially less than the firm's fee lodestar.  (*See* Winebrake Decl. ¶¶ 20-22.)

    c. The $7,500 service award to originating Plaintiff Taisha Shaw is reasonable and falls within the range of service awards in comparable FLSA collective settlements.  *See, e.g.*, *Weirbach v. Cellular Connection, LLC*, No. 19-05310, 2020 WL 6581498, at *5 (E.D. Pa. Nov. 10, 2020) (collecting cases approving comparable awards); *Robinson v. Enhanced Recovery Co.*, No. 18-441, 2020 WL 5554481, at *7 (E.D. Pa. Sept. 16, 2020) (same).

  2. This action is **DISMISSED WITH PREJUDICE**.

  3. The Clerk of Court is directed to **CLOSE** this case.

  4. The Court shall retain jurisdiction for the purposes of enforcing the terms of the settlement only.

  **IT IS SO ORDERED**.

                **BY THE COURT:**

                /s/ John Milton Younge
                **Judge John Milton Younge**